```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
MARISOL CAPELLAN and CIRILO        :
CAPELLAN                           :
                    Plaintiffs,    :
                                   :
        -against-                  :
                                   :    06 cv 2551(KMW)
THE DEPARTMENT OF HOMELAND         :         Order
SECURITY, THE US CITIZENSHIP AND   :
IMMIGRATION SERVICES AND ISCIS     :
OFFICER A. MARSH, individually,    :
                    Defendants.    :
-----------------------------------X
```
WOOD, U.S.D.J.:

By order dated May 5, 2008, the Court denied Plaintiffs' motion for default judgment against Defendant Marsh, without prejudice to refile no later than May 21, 2008. Plaintiffs, who are represented by counsel, did not refile their motion by the appointed date, nor have they requested an extension of time to comply with the Court's order. Therefore, for the reasons stated below, the Court DISMISSES this action for failure to prosecute.

I. Background

Plaintiffs filed this action against Defendant Marsh, the Department of Homeland Security ("DHS"), and the U.S. Citizenship and Immigration Services ("CIS"). Plaintiffs allege that Defendant Marsh, a former employee of CIS, interviewed Plaintiff Marisol Capellan ("Capellan") in connection with a citizenship interview. During that interview, Defendant Marsh allegedly asked Capellan "sexually related questions which had no bearing on the Citizenship interview," made "obscene gestures," and held

1

her "captive in his office against her will and consent." (Compl. ¶¶ 12-14.) The Complaint does not make clear what causes of action Plaintiffs allege, but states that Defendant Marsh violated Capellan's "Civil and Constitutional Rights and Liberties." (Compl. ¶ 15.)

On September 18, 2006, DHS and CIS filed a motion to dismiss the action against them for lack of subject matter jurisdiction. (D.E. 4.) Plaintiffs opposed this motion. By order dated April 23, 2007, the Court dismissed this action against DHS and CIS. (D.E. 11.) Defendant Marsh did not file an answer or move to dismiss Plaintiffs' action against him.

Plaintiffs took no action following the Court's April 23, 2007 order until September 10, 2007, when Plaintiffs filed a motion for default judgment against Defendant Marsh.[1] The Court denied this motion without prejudice to refile no later than December 2, 2007, because Plaintiffs failed to submit "(1) the Clerk's certificate of default, (2) a copy of the claim to which no response has been made, and (3) a proposed form of default judgment, as required by Local Rule 55.2." (Oct. 31, 2007 Order,

---

[1] On July 23, 2007, Plaintiffs sent a letter to the Court stating that they intended to submit a motion for default judgment. Plaintiffs did not request a pre-motion conference as required by the Court's individual practices. Assuming arguendo that Plaintiffs resumed prosecuting their case by submitting this letter to the Court, the Court notes that Plaintiffs' case was still dormant for three months, from April 23, 2007 until July 23, 2007.

2

D.E. 14.)

After the Court denied their first motion for default judgment, Plaintiffs asserted in a series of letters to the Court that they could not refile their default judgment motion until they obtained certain personal information about Defendant Marsh from CIS. They requested that the Court "so order" a confidentiality order and Privacy Act order that would permit CIS to release this information (the "CIS Orders"). (See Nov. 9, 2007 Letter, D.E. 15; Nov. 30, 2007 Letter, D.E. 16; Dec. 17, 2007 Letter, D.E. 17; Dec. 31, 2007 Letter, D.E. 19.) However, Plaintiffs repeatedly failed to comply with the Court's order that they (a) detail the information about Defendant Marsh that they required in order to file a motion for default judgment, and (b) state the authority upon which they rely. (See Jan. 3, 2008 Order, D.E. 19; Jan, 29, 2008 Order, D.E. 20; Feb. 19, 2008 Order, D.E. 22.) During this period, the Court twice warned Plaintiffs that failure to comply with the Court's order would result in dismissal of the action for failure to prosecute. (See Jan. 29, 2008 Order, D.E. 20; Feb. 19, 2008 Order, D.E. 22.)

By letter dated February 20, 2008, Plaintiffs provided the Court with the requested information. The Court therefore "so ordered" the CIS Orders and extended Plaintiffs' deadline to file a default judgment against Defendant Marsh until March 25, 2008. (See Feb. 29, 2008 Order, D.E. 25.) Between November 9, 2007 and

February 29, 2008, the Court granted Plaintiffs three extensions of time to resubmit their default judgment motion, totaling nearly four months of additional time. (See Nov. 28, 2007 Order, D.E. 15; Dec. 20, 2007 Order, D.E. 18; Feb. 29, 2008 Order, D.E. 25.)

On March 18, 2008, Plaintiffs filed a second motion for default judgment against Defendant Marsh. However, Plaintiffs' motion again contained numerous defects. Most significantly, "Plaintiffs asserted [that their] cause of action [arose] under Title VII of the Civil Rights Act of 1964 ('Title VII'), but their Complaint d[id] not state a Title VII claim." (See May 5, 2008 Order, D.E. 26.) By order dated May 5, 2008, the Court denied this motion without prejudice to refile no later than May 21, 2008. The May 5, 2008 order stated, in bold and underlined text, that **"FAILURE TO SUBMIT A PROPER MOTION FOR DEFAULT JUDGMENT WILL RESULT IN DISMISSAL OF THIS ACTION FOR FAILURE TO PROSECUTE."** (See May 5, 2008 Order, D.E. 26.)

Plaintiffs' time to file a third motion for default judgment has passed, and Plaintiffs have neither filed a motion nor requested an extension of time to comply with the Court's order. The Court has not received any correspondence from Plaintiffs since it issued its May 5, 2008 order.

II. Legal Standard

"[W]here a plaintiff fails to comply with court orders

4

and/or fails to prosecute an action pending in a district court," the Court may dismiss the action sua sponte for failure to prosecute. Sanders v. Does, No. 05 Civ. 7005, 2008 WL 2117261, at *2 (S.D.N.Y. May 15, 2008); see also Martens v. Thomann, 273 F.3d 159, 179 (2d Cir. 2001); Fed. R. Civ. P. 41(b). "Although involuntary dismissal is a valuable tool for preventing undue delays and avoiding docket congestion, it is also one of the harshest sanctions at a trial court's disposal . . . . As such, it should only be employed in the most extreme circumstances." Shapiro v. United States, No. 07 Civ. 161, 2008 WL 2073499, at *1 (S.D.N.Y. May 15, 2008) (internal quotation marks and citations omitted).

In determining whether an action should be dismissed for failure to prosecute, the Court considers five factors:

> (1) the duration of the plaintiff's failures; (2) whether plaintiff had received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard; and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

Shannon v. Gen. Elec. Co., 186 F.3d 186, 193-94 (2d Cir. 1999) (quoting Nita v. Conn. Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994)). "Generally, no one factor is dispositive." Nita, 16 F.3d at 485; see also In re Bouchard Transp. Co., Inc., No. 05 CV 345, 2008 WL 1908584 (E.D.N.Y. Apr. 30, 2008)

5

(dismissing an action for failure to prosecute based on two of the five factors). "A plaintiff cannot . . . escape responsibility for failing to prosecute her claim, even if her attorney is the source of the delay and not the plaintiff herself." Smalls v. Bank of New York, Nos. 05 Civ. 8474, 07 Civ. 8546, 2008 WL 1883998, at *3 (S.D.N.Y. Apr. 29, 2008).

III. Analysis

The Court concludes that Factors 1, 2, 4, and 5 favor dismissal of this action for failure to prosecute, but that Factor 3 does not support dismissal. Weighing these factors, the Court concludes that dismissal is warranted.

A. Duration of Plaintiffs' Failures (Factor 1)

"In applying the first factor, the duration of the failures, the district court should determine '(1) whether the failures to prosecute were those of the plaintiff, and (2) whether these failures were of significant duration.'" Sanders, 2008 WL 2117261, at *3 (quoting United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 255 (2d Cir. 2004)). Both elements support the dismissal of this action for failure to prosecute.

First, the failure to prosecute this action is entirely attributable to Plaintiffs. Plaintiffs repeatedly failed to comply with the Court's order that they clarify why they needed personal information about Defendant Marsh. Plaintiffs also twice failed to meet court-ordered deadlines, and twice filed

6

default judgment motions with significant defects.  Finally, Plaintiffs let this action lie dormant for at least three months following the Court's dismissal of the DHS and CIS claims.  See supra note 1.

Second, Plaintiffs' failure to prosecute is of significant duration.  Although Plaintiffs' recent failure to comply with the Court's May 21, 2008 deadline represents only a three week delay, the aggregate delay caused by Plaintiffs' repeated failures to prosecute is significant.  See Copeland v. Rosen, 194 F.R.D. 127, 131 (S.D.N.Y. 2000) (considering aggregate delays in determining whether a failure to prosecute was of significant duration). Plaintiffs have consistently failed to diligently prosecute this action since the Court dismissed the Complaint against DHS and CIS fourteen months ago.  The Court estimates that Plaintiffs' failure to prosecute has delayed the progress of this case by almost six months.[2]  This delay is significant.  See Chira v.

---

[2] This figure represents a conservative estimate.  Over the past fourteen months, this action has had three main periods of delay.  First, this case was inactive for at least three months following the Court's April 23, 2007 order dismissing Plaintiffs' claims against DHS and CIS.  Second, after the Court denied Plaintiffs' first motion for default judgment, Plaintiffs showed a lack of diligence in resubmitting their motion.  Nearly two months passed before Plaintiffs clarified to the Court why they needed additional information about Defendant Marsh, even though they asserted that this information was necessary for filing a proper default judgment motion.  Plaintiffs submitted the requested information only after the Court warned them that it would dismiss the action for failure to prosecute.  Finally, after receiving a third opportunity to properly file a default judgment motion, Plaintiffs have once again caused delay by

7

Lockheed Aircraft Corp., 634 F.2d 664, 666 (2d Cir. 1980) (holding that dismissal was appropriate where plaintiff failed to prosecute the case for six months); Kent v. Scamardella, No. 07 Civ. 844, 2007 WL 3085438, at *2 (S.D.N.Y. Oct. 17,2007) (holding that a three month delay weighed in favor of dismissal when it "functioned as a complete block to moving th[e] litigation forward"). Accordingly, the Court concludes that the duration of Plaintiffs' failure to prosecute weighs in favor of dismissal.

### B. Notice That Further Delays Would Result in Dismissal (Factor 2)

The second factor requires the Court to consider whether Plaintiffs received notice that further delays would result in dismissal. See Shannon, 186 F.3d at 193-94. The Court informed Plaintiffs that they could refile their motion for default judgment no later than May 21, 2008, and clearly stated that **"FAILURE TO SUBMIT A PROPER MOTION FOR DEFAULT JUDGMENT WILL RESULT IN DISMISSAL OF THIS ACTION FOR FAILURE TO PROSECUTE."** (See May 5, 2008 Order, D.E. 26.) This warning provided Plaintiffs with ample notice that further delays would result in dismissal. Cf. LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 210 (2d Cir. 2001) (holding that a "brief and technical" warning did not provide a plaintiff with adequate notice). The

---

missing the Court's deadline for resubmitting their motion by three weeks. These three periods alone amount to almost six months of delay, all of which is attributable to Plaintiff.

8

Court therefore concludes that the notice factor weighs in favor of dismissing this action.

### C. Prejudice to Defendant from Further Delay (Factor 3)

The third factor requires the Court to consider whether Defendant Marsh is likely to be prejudiced by further delay. Defendant Marsh has not responded to the Complaint or otherwise defended this action, and he is therefore at risk of having a default judgment entered against him. Accordingly, he is unlikely to be prejudiced by further delays by Plaintiffs. Because Defendant Marsh is unlikely to be prejudiced by further delays, this factor does not weigh in favor of dismissal.

### D. Balancing the Court's Calendar and Plaintiffs' Due Process Rights (Factor 4)

"The fourth factor requires the court to consider the balance between calendar congestion and the plaintiff's [due process rights]. In this regard, a court must not let its zeal for a tidy calendar overcome its duty to justice." Vohwinkel v. Pembroke Cent. School Dist., No. 05 Civ. 37S, 2008 WL 2074078, at *4 (W.D.N.Y. May 14, 2008) (internal quotation marks and citations omitted). Weighing the Court's calendar congestion and Plaintiffs' due process rights, the Court concludes that this factor supports dismissal.

First, Plaintiffs' failure to prosecute has contributed to the congestion of the Court's calendar. As discussed supra Part

9

I, the Court issued multiple orders arising from Plaintiffs' failure to prosecute and has devoted significant attention to this case. Plaintiffs' failure to prosecute has therefore been a burden on limited judicial resources.

Second, dismissal of this action would not deny Plaintiffs due process because (1) Plaintiffs were notified that failure to resubmit the default judgment motion by May 21, 2008 would result in dismissal, and (2) the failure to prosecute is entirely attributable to Plaintiffs. See Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982) ("The circumstances reveal that appellant certainly knew what the consequences would be for its failure to cooperate in completing discovery. We find therefore no deprivation of appellant's right to due process."); Dodson v. Runyon, 957 F. Supp. 465, 470 (S.D.N.Y. 1997) ("[A]ny claim that plaintiff's due process rights were violated . . . cannot prevail because the delay and resultant dismissal of plaintiff's case are of his own making."); see also Vohwinkel, 2008 WL 2074078, at *4 ("Plaintiff's own failure to litigate this matter is not a denial of Due Process.").

Because Plaintiffs' failure to prosecute has contributed to the Court's calendar congestion and because dismissing this action would not violate Plaintiffs' due process rights, the Court concludes that the fourth factor supports dismissal of this action.

E. Efficacy of Lesser Sanctions (Factor Five)

The fifth factor requires the Court to consider whether lesser sanctions might be effective in addressing Plaintiffs' failure to prosecute. Upon reviewing the entire record of this case, the Court concludes that because Plaintiffs have a "track record of disregarding deadlines and orders," lesser sanctions are unlikely to be effective. See Husum v. Richardson, No. 06 Civ. 1402, 2008 WL 2126272, at *1 (N.D.N.Y. May 20, 2008). Accordingly, the Court concludes that the fifth factor weighs in favor of dismissal.

***********

Factors 1, 2, 4, and 5 weigh in favor of dismissal of this action, while Factor 3 does not weigh in favor of dismissal. The Court balances these factors and concludes, in its discretion, that dismissal is appropriate. Although Defendant Marsh is not likely to be prejudiced by continued delays, Plaintiffs still have a duty to diligently prosecute this action. Their continued failure to do so in the face of warnings of dismissal, coupled with the burden that their failure to prosecute has imposed on the Court, makes dismissal appropriate.

IV. Conclusion

For the reasons stated above, the Court dismisses this action for failure to prosecute. The Clerk of the Court is directed to close this case. Any pending motions are moot.

SO ORDERED

Dated: New York, New York
June 13, 2008

_____
Kimba M. Wood
United States District Judge